UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOELLE PREMO,

    Plaintiff,

v.                                                               Case No. 07-13188

UNITED STATES OF AMERICA,                    HONORABLE AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR**
**SUMMARY JUDGMENT**

I. Introduction

    This is tort case.  Plaintiff Joelle Premo is suing defendants, the United States,

the United States Postal Service, and "John Doe" under the Federal Tort Claims Act

("FTCA"),[1] 28 U.S.C. § 1346 et seq., for injuries she suffered when she was struck by a

postal truck.  The government filed a motion for summary judgment contending that

summary judgment was appropriate on all of Premo's claims because (1) her injuries do

not constitute a "serious impairment of body function" under Michigan's No-Fault

Insurance Law, M.C.L.A. § 500.3101 et seq. ("the No-Fault Act" or "the Act") necessary

to recover non-economic damages and (2) she cannot recover economic damages

under the No-Fault Act under the circumstances.  The Court granted in part and denied

in part the motion.  The Court found that Premo's claim was subject to the No-Fault Act,

_____

    [1]Under the FTCA, the only proper defendant is the United States.  28 U.S.C. §
2679.  Although the government has not moved to dismiss the postal service or John
Doe as defendants, for clarity the Court shall refer only to the government as a
defendant.

she is not entitled to recover non-economic damages but may recover economic damages in the event the government is found liable at trial. See Memorandum and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, filed October 2, 2008.

Before the Court is Premo's motion for summary judgment on her claim for economic damages, or personal injury protection (PIP) benefits as provided under the No-Fault Act. Specifically, Premo seeks medical expenses in the amount of $34,018.62, penalty interest in the amount of $8,654.33, and attorney fees in the amount of $50,000.00. Premo says that the government is obligated to pay for these benefits regardless of fault and therefore no liability trial is necessary. For the reasons that follow, the motion will be granted in part and denied in part. Premo is entitled to a judgment for her medical expenses, but not penalty interest or attorney fees.

## II. Background

The following background is substantially taken from the Court's October 2, 2008 decision.

On August 7, 2006, Premo, then 19 years old, was riding her bicycle in Royal Oak, Michigan. While riding through a cross walk, she was struck by a postal truck and injured. Premo suffered multiple fractures to her leg, ankle and foot which required surgery.

Premo does not own an automobile and does not have automobile insurance. Premo, through counsel, attempted to file a claim for personal injury protection (PIP) benefits against the government under the No-Fault Act under the government's "self-insurance program." On September 15, 2006, a Tort Claims Examiner/Adjuster of the

2

Postal Service Law Department, National Tort Center, wrote to Premo, stating in part:

> The Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. § 2671-80, provides the exclusive means of pursuing a claim against the federal government based on negligence of one of its agencies or their employees, 28 U.S.C. § 2679(b)(1).  Therefore, Michigan No-Fault does not apply to the United States.

Premo then filed a claim under the FTCA, seeking $197,569.80 for personal injury and property damage.  On May 18, 2007, Premo was notified that her claim was denied on the grounds that an investigation failed to reveal any negligence on the part of the Post Office or its employees.

Premo then filed the instant action.

### III.  Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for

3

summary judgment in order to defeat the motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.  Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings.  Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law."  In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52).  The Court "must view the evidence in the light most favorable to the non-moving party."  Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).  Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact.  See Anderson, 477 U.S. at 255.  Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted.  Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

IV.  Analysis

A.  The FTCA in General

It is well established that "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  United States v. Mitchell, 463 U.S. 206, 212 (1983).  See also Affiliated Ute Citizens of the State of Utah v. United States, 406 U.S. 128 (1972).  An absolute prerequisite to maintaining an action against the United States is a specific waiver of sovereign immunity.  Under the FTCA, 28 U.S.C. § 1346(b), a federal district court has jurisdiction to hear claims

4

... for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 2674 also sets forth the limited waiver of immunity in pertinent part as follows:  "The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances. . . ." (Emphasis added).

Therefore, in order to determine whether a tort action can be brought against the United States, the law of the state in which the act occurred is determinative.  See Frazier v. United States, 412 F.2d 22, 23 (6th Cir. 1969).  Here, it is undisputed that the law to be applied in this case is that of Michigan, since the accident and alleged negligence occurred in Michigan.  The government's liability must therefore be determined as it would be for an individual defendant under similar circumstances.

B.  The Court's Prior Decision

The Court has already determined that the No-Fault Act applies to Premo's claim against the government.  Also, the Court has already determined that Premo is not entitled to non-economic damages because she has not suffered a serious impairment of a body function as required under the No-Fault Act.

Premo's request for economic damages presents a much thornier issue.[2]  Premo argues that she is entitled to these regardless of what is available to her in terms of non-economic damages.  Premo raised the issue of her entitlement to economic damages in

---

[2]The government asserts that Premo did not make a claim in her complaint for economic damages.  In paragraph 20 of the complaint Premo seeks damages beyond pain and suffering.  Paragraph 18 of the complaint also asserts that she has incurred fees for medical services and lost wages.  While perhaps the request for economic damages could have been more precisely plead, Premo did make the request.

5

her response brief to the government's motion for summary judgment.  The government

responded to Premo's argument regarding economic damages in its reply brief.  The

Court resolved the issue as follows:

> Under the No-Fault Act, economic damages are considered PIP (personal injury protection) benefits under M.C.L. § 500.3107.  PIP benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation," three years of work loss with a monthly cap, expenses reasonably incurred in obtaining ordinary and necessary replacement services for a three-year period with a daily cap, and for survivor loss.  M.C.L § 500.3107 and § 500.3108.

> The government says that Premo is not entitled to economic damages (or PIP benefits) because such benefits are provided by an insurer under the No-Fault Act regardless of fault and the government has not waived immunity for strict liability claims.  The government cites Westfield Co. v. United States, 858 F. Supp 658, 663 (W.D. Mich. 1993).  In Westfield, the district court found that a plaintiff was not entitled to recover for property damage from the government stemming from an accident where an Army convoy truck crashed into their business.  The district court held that the No-Fault Act applied to the government and the government is to be treated as an insured entity under the act.  The district court also held, however, that although a private individual would be liable for property damages under the No-Fault Act, the government was not, explaining:

>> This court determines, however, that the United States may not be held liable for the damage caused to the building of Jim and Susan Mabee, housing The Clothing Company, pursuant Federal law.  As noted above, an absolute prerequisite to maintaining an action against the United States is a specific waiver of sovereign immunity.  The waiver of immunity, 28 U.S.C. § 1346(b), expressly requires as an element of the claim proof of either negligence or wrongfulness.  This has been interpreted by the courts to bar actions against the federal government based on strict liability.  See, e.g., Lively v. United States, 870 F.2d 296 (5th Cir.1989). This waiver, pursuant to 28 U.S.C. § 2679(b)(1), is the exclusive remedy for property damage resulting from the operation by any employee of the federal government of a motor vehicle.

> Westfield, 858 F. Supp. At 663.

> The issue is not so clear cut as the government contends.  Although Westfield is persuasive, it was addressing liability for property damages, not economic damages arising from personal injury.

> Moreover, under the No-Fault Act, economic damages arising from a personal injury, known as PIP benefits, are paid by an insurer.  Here, Premo was a pedestrian and is not covered under any policy of insurance.  Thus, she is not

6

an insured who can collect from an insurance company.  Where a pedestrian is injured in an automobile accident, the No-Fault Act provides for a priority for determining whose insurance carrier is to pay benefits.  M.C.L. § 500.3115 provides:

> a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a)     Insurers of owners or registrants of motor vehicles involved in the accident
>
> (b)     Insurers of operators of motor vehicles involved in the accident

The government is considered self-insured under the No-Fault Act since federal vehicles are not required to be registered in Michigan or have insurance.  See Westfield.  Premo argues that the under the No-Fault regime as applied to the government, the government should be deemed to operates as an insurer and therefore be obligated to pay her PIP benefits.

As noted at the hearing, accepting the government's argument results in a situation where an individual injured due to the negligent operation of a government vehicle is unable to collect economic damages if they are uninsured because they have no insurer from whom to seek such damages.  Such a position is untenable even within the strict parameters of the FTCA.

Memorandum and Order at p. 14-16.

## C.  Fall-out from the Court's Decision

Following the Court's decision, Premo filed the instant motion seeking her

economic benefits (hereinafter called PIP benefits).  Premo says that because the

government is considered a self insurer and because PIP benefits are payable

regardless of fault, she is entitled to these benefits, plus interest and attorney fees.  The

government filed a response, arguing that it needed more discovery on whether another

insurer might have primary liability[3] and whether Premo's medical expenses were

_____

[3]M.C.L.A. § 500.3114(1) provides that "a personal protection insurance policy described in section [M.C.L.A. § 500.2101(1)] applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident."  Thus, a plaintiff seeking PIP benefits must first seek benefits from his or her insurer, the insurer of a spouse, or of a relative domiciled in the same household.  It is undisputed that Premo is uninsured, however she testified at deposition that she lived with her sister.  The

7

reasonably necessary.  In reply, Premo submitted an affidavit from her sister which states that she is also uninsured.  She also attached her medical bills.  Based on this evidence, the government, in a sur-reply brief, states that it no longer needs discovery on Premo's medical expenses or whether another insurer is primarily liable.  Thus, the government concedes, based on the Court's ruling that it is a self-insurer under the No-Fault Act, that Premo has incurred medical expenses in the amount of $34,018.62 and that those amounts were reasonably necessary.  Thus, a judgment should enter against the government in this amount.[4]

However, as the government points out, the Court's decision contains the statement that the case will proceed to trial on liability.  This statement is problematic in light of the current posture of the case - dealing only with a claim for PIP benefits.  For this, the Court accepts responsibility with the observation that both parties have also muddled this case by failing to appreciate the unique situation of a government vehicle hitting an insured pedestrian and the complex interplay between the intersection and application of the FTCA and the No-Fault Act.[5]  Be that as it may, a judgment will enter

_____

government sought discovery as to whether her sister was insured.  In her reply, Premo submitted an affidavit from her sister which states that she is also uninsured.

[4]The government, in a footnote, disputes that denying Premo the right to recover PIP benefits from the government results in her having no avenue of recovery.  The government says that under the No-Fault Act, if no insurer is available, then an injured party may seek recovery through the assigned claims fund.  See M.C.L.A. § 500.3172.  The government suggests that Premo may make a claim under this fund.  This statement ignores that the Court has determined that the government is an insurer; thus, there is an insurer available for collection of PIP benefits.

[5]Indeed, Premo now says that her case is not based in tort, but is more akin to an action on assumpsit in that she is seeking to simply enforce her right to PIP benefits under the No-Fault Act.  The government says Premo is inappropriately trying to amend

in favor of Premo in the amount of $34,018.62, representing her medical expenses reasonably incurred.

Premo's request for interest and attorney fees presents a wholly different problem. Premo bases her request on sections from the No-Fault Act. Specifically, her request for interest is based on M.C.L.A. § 500.3142 which provides:

> (1) Personal protection insurance benefits are payable as loss accrues.
> (2) Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.
> (3) An overdue payment bears simple interest at the rate of 12% per annum.

With respect to attorney fees, M.C.L. A. § 500.3148(1) provides:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

Before either penalty interest or attorney fees may be awarded to a claimant, PIP benefits must be overdue. First, to be overdue, allowable expenses must actually have been incurred. M.C.L. § 500.3142(1); Proudfoot v. State Farm Mut. Ins Co., 469 Mich.

---

her complaint and no action on assumpsit lies. This disputes simply underscores the shifting nature of the case brought on by the way the litigation has progressed. The Court does not understand this to be an action on assumpsit. Rather, the only claim remaining in this action under the FTCA is Premo's claim for PIP benefits which is premised on (1) a finding that the No-Fault Act applies to the case, and (2) the government is a self-insurer under the Act.

476, 485 (2007).  Second, PIP "benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." M.C.L. A. § 500.3142(2).  Before attorney fees may be assessed against an insurer, the trial court must additionally find "that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."  M.C.L.A. § 500.3148(1). If benefits are "overdue" within the meaning of M.C.L.A. § 500.3142(2), "a rebuttable presumption of unreasonable refusal or undue delay arises."  Combs v. Commercial Carriers, Inc., 117 Mich. App. 67, 73 (1982); see also, McKelvie v. Auto Club Ins. Ass'n, 203 Mich. App. 331, 335 (1994).

The government responds, contending that Premo is not entitled to "pre-judgment interest" and says that the FTCA explicitly states that the government "shall not be liable for interest prior to judgment."  The problem with the government's position is that it fails to understand that the government, by the Court's ruling, is subject to the No-Fault Act and treated as a self insurer.  Thus, while the government may not be liable under the FTCA for pre-judgment interest, it is nevertheless subject to the statute regarding penalty interest under the No-Fault Act, apart from standard pre-judgment interest.  Neither party has cited a case dealing with the government as a being treated as a self insurer under the No-Fault Act, much less the application of the penalty interest and attorney fee provisions, further illustrating the unique nature of this case.

Applying the statute to the facts of this case, it must first be determined whether Premo provided sufficient proof of loss.  From the record, while Premo initially demanded payment from the government by attempting to file an agency claim for PIP benefits, it is not clear that she provided the medical documentation necessary for the

10

government to investigate the reasonableness of the charges at the time.  Moreover, Premo was told to file a claim under FTCA which she did.  Her complaint seeks money damages but did not contain detailed records.  It was not until after receiving the government's response to Premo's motion for summary judgment that Premo submitted with her reply brief the necessary medical bills.  Thus, treating Premo's information attached to her reply brief as the proof of loss, it was submitted on or about November 18, 2008.  While 30 days have expired since then, the government stands ready to pay the PIP benefits as of the filing of their sur-reply brief on December 12, 2008.  Any delay at this point is occasioned by the fact that the parties are involved in litigation.  Michigan courts have found that a delay in payment does not warrant application of the penalty provision where a reasonable dispute exists as to coverage or amount of benefits owing, or where the delay is the product of legitimate question of statutory construction or case law.  See Butt v. Detroit Auto. Inter-Ins. Exchange, 129 Mich. App. 211 (1983).

Here, the first issue in this case was whether the No-Fault Act even applied to the case, with Premo arguing it did not.  When the Court ruled that the No-Fault Act applied, and Premo was not entitled to non-economic damages, Premo focused her claim on economic damages (PIP benefits).  The government, which argued that the No-Fault Act should apply, then argued that portions of it should not apply because it was immune from suit.  All of this made for a confused process.  Given the uncertainties in the case in what appear to be uncharted waters, the interest penalty provision should not be invoked against the government.  The same is true for the attorney fee provision inasmuch as the Court is not inclined to find that the government has acted unreasonably under the circumstances in either refusing to pay the claim for PIP

11

benefits (which it now says it will) or in delaying payment.

V.  Conclusion

For the reasons stated above, Premo's motion for summary judgment is GRANTED IN PART AND DENIED IN PART.  The Clerk shall enter a judgment in favor of Premo in the amount of $34,018.62.[6]

SO ORDERED.

_s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 3, 2009
      Detroit, Michigan

---

[6]It appears that this Memorandum and Order disposes of the case.  If neither party within ten (10) day notifies the Court otherwise, the Court will enter a final judgment.