UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOELLE PREMO,

    Plaintiff,

v.                                            Case No. 07-13188

UNITED STATES OF AMERICA,        HONORABLE AVERN COHN

    Defendant.
_____/

**ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.

This is tort case. Plaintiff Joelle Premo sued defendants, the United States, the United States Postal Service, and "John Doe" under the Federal Tort Claims Act ("FTCA"),[1] 28 U.S.C. § 1346 et seq., for injuries she suffered when she was struck by a postal truck. The government filed a motion for summary judgment contending that summary judgment was appropriate on all of Premo's claims because (1) her injuries do not constitute a "serious impairment of body function" under Michigan's No-Fault Insurance Law, M.C.L.A. § 500.3101 et seq. ("the No-Fault Act" or "the Act") necessary to recover non-economic damages and (2) she cannot recover economic damages under the No-Fault Act under the circumstances. The Court granted in part and denied in part the motion. The Court found that Premo's claim was subject to the No-Fault Act,

---

[1] Under the FTCA, the only proper defendant is the United States. 28 U.S.C. § 2679. Although the government has not moved to dismiss the postal service or John Doe as defendants, for clarity the Court shall refer only to the government as a defendant.

she is not entitled to recover non-economic damages but may recover economic damages in the event the government is found liable at trial. See Memorandum and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, filed October 2, 2008.

Premo then filed a motion for summary judgment on her claim for economic damages, or personal injury protection (PIP) benefits as provided under the No-Fault Act. The Court granted in part and denied in part the motion, finding that Premo is entitled to a judgment for her medical expenses, but not penalty interest or attorney fees. See Memorandum and Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment, filed February 3, 2009. Before the Court is plaintiff's motion for reconsideration. The government, at the Court's direction, filed a response. For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)). SNAPP puts forth four reasons in support of reconsideration.

III.

Plaintiff says that the Court erred in denying her request for attorney fees and penalty interest under the No-Fault Act.  Plaintiff says attorney fees and penalty interest are justified based on the government's conduct in this case.  The Court has already commented on the history of this case as well as the detailed the parties litigation conduct in its prior orders.  It need not be repeated here.  Having reviewed plaintiff's motion and the government's response, the Court is satisfied that it did not err in declining to award plaintiff attorney fees and penalty interest because the government has not unreasonably refused to pay the claim or unreasonably delayed payment not has it refused to timely pay benefits upon proof of loss.  Plaintiff's arguments as to the culpability of the government's conduct were rejected by the Court in its February 3, 2009 order.  Reconsideration is not warranted.

SO ORDERED.

      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 17, 2009, by electronic and/or ordinary mail.

      s/Julie Owens
Case Manager, (313) 234-5160

3